Ramona CORDERO, Appellee,

v.

Thomas H. PASQUITH, Appellant.
Victor M. CORDERO, Appellee,

v.

Thomas H. PASQUITH, Appellant.

Nos. 15394, 15395.

United States Court of Appeals,
Fourth Circuit.

Argued May 3, 1971.

Decided Oct. 22, 1971.

Samuel S. Smalkin, Baltimore, Md. (Rollins, Smalkin, Weston & Andrew and Hyman Ginsberg, Ginsberg & Ginsberg, Baltimore, Md., on brief), for appellant.

Robert C. Verderaime, Baltimore, Md. (Verderaime & DuBois, Baltimore, Md., on brief), for appellees.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

In an automobile collision the night of May 27, 1964 on U. S. Route 13 in Maryland, Ramona Cordero, a passenger in the car driven by her former husband, Victor Cordero, was hurt. Thomas Pasquith was the driver of the other vehicle, a pick-up truck. Normally the road was a dual highway, that is, two northbound lanes separated from two southbound lanes by a median strip. At the locus in quo, the northbound lanes had been closed and the southbound had been converted into a two-way highway, with a white line running down the center marking the two lanes. Additionally, there were signs and barrel-barricades with flashing lights, warning of the reduction of the route and indicating its lane division.

The Cordero car proceeding southwardly was thus directed into, and confined to, a single lane. Going northward Pasquith was similarly restricted. Neither vehicle was exceeding the speed limit. However, either because of fatigue, unfamiliarity with the road or the rain, Victor drove the Cordero car across the center line as Pasquith approached. The rear left side of the car struck the left front of the latter's truck.

To avoid collision, Pasquith turned off the righthand edge of the paved portion of the highway, putting the right wheels onto the shoulder but leaving the left wheels on the pavement. At this point the northbound lane—Pasquith's—was 12 feet wide with a 4½ foot macadam shoulder. Photographs indicate that the latter was coterminous with the pavement, without substantial separation, depression or elevation.

Ramona and Victor Cordero each sued Pasquith who counterclaimed against Victor. A jury was waived in each claim. Judgment went for Ramona against Pasquith. The latter, for contributory negligence, was denied recovery on his counterclaim against Victor. Victor's action against Pasquith was dismissed. Pasquith has appealed; Victor has not.

These are the fact findings of the trial court:

"I believe that the weight of the credible evidence and the plausibility and the probability of what happened is that both drivers were negligent. *I find that Mr. Cordero came across the center line.* There is no conceivable reason why Pasquith should have gone across the center line. He knew the road. Of course, it's possible that his car could have skidded. It's equally possible that the other car could have skidded. * * *

"I find he [Cordero] was negligent in getting over onto that side of the road; but *I find Mr. Pasquith was also clearly negligent.*

"In the first place, Mr. Pasquith didn't see the Cordero car, on his first statement, until it was two car lengths from him. Well now, if he didn't see the car that was within two car lengths from him, he was guilty of negligence. * * * Assuming that Mr. Pasquith first saw the Cordero car when it was five or six car lengths away, on the wrong side of

the road coming towards him, *he was negligent not to have seen the car sooner.* \* \* \*

"He said he got both right wheels on the shoulder with both left wheels still on the road. I don't believe that is exactly what happened, but assuming that it was, if he had been looking out soon enough, *he should have pulled his car entirely off the travelled portion of the road, or enough off the travelled portion of the road so that this other car, that may have been sliding, wouldn't have slid into him.*

"It's quite apparent that the man who was following him and who was going about the same rate of speed, whatever that rate of speed may have been, had no difficulty in pulling his car entirely off the road and on to the grass within a very short distance, because he was following fairly closely behind and pulled his car entirely off on the grass.

"Mr. Pasquith, I find, did not see the car soon enough and did not take the proper action to avoid the accident.

"The result of that is that there must be a verdict in favor of Pasquith in the suit brought by Victor Cordero; but a verdict in favor of Mrs. Ramona Cordero against Pasquith." (Accent added.)

In holding Pasquith negligent the findings and conclusions of the District Court are clearly erroneous. F.R.C.P. 52(a). The proof does not support this view. Due care did not demand more of him than the movement he executed to the right and onto the shoulder.

Pasquith was entitled to peremptory exoneration. Also, he was entitled to a declaration of liability of Victor Cordero on his counterclaim. Consequently, we must vacate the judgment granted Ramona Cordero against Pasquith, and remand the action for the assessment of damages in favor of Pasquith against Victor.

Vacated and remanded.